Could both attorneys that are going to present oral argument please step up to the podium and identify yourselves for the record. Good morning, Assistant State's Attorney, Katarina Durkova, on behalf of the people. Could you say your last name again? Yes, ma'am. D-U-R-C-O-V-A, Durkova. Durkova. Good morning, Ms. Durkova. Good morning, I'm Assistant Public Defender Robert Drizzen, D-R-I-Z-I-N, for Petitioner Freddy Arroyo-Ortuno. Good morning, Mr. Drizzen. Good morning. All right, before we proceed I want to advise both of you, you will have approximately 15 minutes to present your oral argument and from that, Ms. Durkova, you may save out some time for rebuttal. Yes, ma'am. All right? Could I take that five minutes? Certainly. You may proceed. Thank you, Your Honor. May it please the Court, Assistant State's Attorney, Katarina Durkova, on behalf of the people. In the instant case, the trial court erroneously granted the defendant's motion to quash arrest and suppress evidence where the totality of the circumstances known to the law enforcement at the time of the stop gave them probable cause to believe that the defendant, as an occupant of the Black Dodge Ram, was engaged in the trafficking of narcotics. Since October 13, 2011, law enforcement agencies, including the DEA, had been intercepting telephone conversations between Chicago-based drug traffickers Maria Garza and Victor Zaragoza. By November 1, 2011, so several weeks later, the officers knew very specific facts about the instant defendant and the vehicle that he was traveling in. Specifically, they knew that two male drug couriers had left Santa Ana, California on October 31, 2011, planning to make the trip to Chicago within 30 hours of straight-through driving. The officers also knew the make and the model of the vehicle, which was a Black Dodge Ram, and that this vehicle would have California license plates. The law enforcement agencies also knew that these two couriers would be meeting Maria Garza at the Presidential Hotel at 3922 South Harlem Avenue in Lyons, Illinois, within a very specified period of time. Yes, the assistant who tried this case below stated at the hearing that at the time the car was stopped, he didn't know when this particular defendant even got in the car. He could have gotten in the car five minutes before the stop. So how can this be tied to him? That's absolutely correct, Your Honor. The issue in this case is probable cause. It is not the guilt or innocence of the defendant. For probable cause, you need to look at the objectively reasonable officer and what he knew at the time of that stop. What these officers knew at the time is that this vehicle, with California license plates, would be exiting the northbound Harlem Avenue off I-55. They knew the time period during which this vehicle would be exiting. They knew they would have a large quantity of narcotics inside of that vehicle. And they knew that these narcotics would not be on their person because it was such a large quantity. So these narcotics were secreted somewhere inside of this car. They confirmed the surveillance and the biotaps that the officers had been following for weeks by observing the vehicle exit the interstate, I-55, at the Harlem Avenue. It was proceeding exactly as they told Maria Garza it would, which was northbound on Harlem. And once the officers spotted this vehicle and confirmed that the description of the vehicle matched the description given to them, they pulled it over. And for absolutely certain, they found a large quantity of narcotics inside that vehicle. And when do you believe that those narcotics were actually recovered from the vehicle? What point? Before they were at that station in Forest View or something? Was that when it was? Yes, they took the vehicle to two different places. Right. But when do you believe that the actual recovery of the heroin or cocaine and... Methamphetamine. Yes, when was that actually retrieved? Physically, they retrieved it once they were able to go through the vehicle at the second police station and they physically got it. But the probable cause for that vehicle to believe that there were a large quantity of narcotics inside of it... Was established before that. Was established way before that. What is your argument? A couple of questions. The drugs were recovered after this defendant had been photographed and fingerprinted. It's not entirely clear from the record when they were recovered. What about the canine alert? When did that occur? That occurred 15 minutes after the initial stop. Were they handcuffed at that point before the alert? Your Honor, the officers had probable cause to arrest this defendant as soon as they knew that there were drugs inside of this vehicle. Based on the totality of the circumstances these officers knew when they pulled over that car, they knew there were going to be a large quantity of narcotics. Are we talking about probable cause to arrest or probable cause to search? Are we talking about two different things here? That's correct, yes. So, do you concede that when this defendant was taken to the police station, fingerprinted and photographed, that he was arrested? Absolutely. There's no question. He was arrested. And the officers had probable cause to arrest him. But that's not what the state's attorney and the public defender argued at the hearing. They argued he was arrested much later. Oh, he wasn't charged? He wasn't charged. Isn't your primary argument first that there's no expectation of privacy for this particular defendant? Isn't that your primary argument as to why the suppression order was erroneous? Because he had no expectation of privacy in the search. Is that your first argument? Your Honor, that is my secondary argument. My primary argument is that there is probable cause to search this vehicle and to arrest this defendant. Based on the totality of the circumstances, the surveillance had been going on for a long amount of time. Other than his name, they knew everything else. When is the first moment that the defendant was arrested? Probably when he was asked out of the vehicle and was placed at the back of the truck. Your Honor, and it's your position that at that point there was probable cause based upon the information that they had been retrieving in addition to the specific information about this car coming from California on a road, two people in it. Now, were there conversations that were actually overheard by the two individuals in the car and Ms. Garza prior to the stop? Yes, Your Honor. And what did those conversations kind of reveal? The conversations revealed that there were two men inside of this vehicle and she was giving them directions on what a good place to exit I-55 would be, where these individuals were. She first contacted them at I-80 and 55 and she told them, you need to be getting off at the Harlem exit, you need to be going north, don't take 290, that's not the correct way to go. She spoke with one individual in that car but he couldn't understand exactly what she was saying so he passed the phone to the other person in the car. One of the issues here, in addition to whether or not he had an expectation of privacy, is whether or not when they handcuffed him, placed him behind the car and conducted a search, that there was probable cause to arrest him and that's really your primary argument here. You believe the defendant is challenging the probable cause to handcuff him, place him under arrest at that scene? I believe so but also the defendant is attempting to challenge the search of that vehicle. Yes. Which really, he had shown absolutely no legitimate expectation of privacy in that vehicle so pursuant to case law, he really should not have been able to challenge that search. It was his burden at the motion. But if that's the case then it doesn't make any difference whether it was probable cause or not. Is that your strongest argument there? You said it's a secondary argument but even if there's no probable cause and he can't suppress the evidence, then what benefit is it to declare a search illegal? I mean arrest illegal. Right. And there was absolutely nothing recovered from the defendant's person as the judge pointed out during the hearing. There was no statement? There was nothing. Nothing, Your Honor. He was fingerprinted and he was photographed. And then he was released. And then he was released. He was charged several months later. Does it matter whether or not the contraband that was recovered was a result of illegal activity or not? In other words, if the drugs were going to be recovered, was it a result of them handcuffing him or was it the result of something else? Absolutely not. And defendants cannot show... But isn't that what the exclusionary rule is about, is to stop illegal police activity? Yes. All right. So does there have to be a connection between putting him in handcuffs, detaining him, taking him to a station, and the recovery of these substances? Yes, Judge. So if those aren't related to that, he doesn't have an exclusionary rule relief request? Exactly. There is absolutely no illegality defense can point to that involves a defendant that led to the recovery of these narcotics. Again, nothing was recovered from him. He only had the ability to challenge the initial stop of the vehicle, which he has conceded was legal. And the search of the vehicle, because he has no legitimate... Actually, he has conceded the stop was legal. That's why we're here. And that's... I mean, the judge said that there was no probable cause to arrest him for these particular charges. That's a separate issue from whether the stop was legal, Your Honor. Yes. The issue is whether there was probable cause to arrest this defendant. But the trial court judge was telling the state during the hearing that the state was attempting to use the narcotics recovered from the vehicle, which was entirely proper, against this defendant. However, that is at the guilt or innocence stage of the proceedings. That is a trial issue. At the motion to suppress and quash arrest, the only issue is whether the officers had probable cause to believe this defendant was participating in narcotics trafficking. Based on the totality of the circumstances, this defendant was participating. There was probable cause to believe that he was participating in the trafficking of narcotics. Well, if he had probable cause to believe he was trafficking, doesn't that give you the authority to search and maybe detain him temporarily while you do a search? But it doesn't give you necessarily authority to handcuff and fingerprint and photograph. Once you... You know, prior to even finding the evidence  Could you repeat the question, Your Honor? You arrested him, you fingerprinted him, and we have to go back through the record, possibly before you even found the narcotic drug. Is that... So, given that possibility, you arrested him before you confirmed that he was actually... ...who were arresting this person or the persons in the car, that they had probable cause to effectuate that arrest because of all the information that they had compiled over a period of months. Yes. Regardless of the alert and regardless of whether they recovered the drugs later at a station and regardless of whether or not someone tested that substance to actually tell the police, yes, this is a controlled substance. Yes, Judge. Okay. So, your primary argument is backwards in your brief. You argued first that he had no expectation of privacy. Then you went on to this probable cause. Is that right? That's correct. Yes, Your Honor. Okay. And again, I just want to remind this Court that the defendant can point to absolutely no illegality as to him that led to the discovery of the drugs and the recovery of these drugs. The stop was legal. The search of this vehicle was legal because there was probable cause. And there was nothing found on this defendant. So, as such, the defendant cannot be discouraged to show that there was anything unreasonable about the behavior and conduct of law enforcement on the evening of November 1, 2011. For these reasons, and for those stated in our brief, we ask that you reverse the trial court's ruling reviewing this issue under the de novo standard of review. Well, that's an interesting question. Are we reviewing it under de novo standard of review? Are we looking at the ultimate issue of whether there was probable cause de novo? But any findings of fact, we review for a manifest way. You don't believe we're doing that? Your Honor, the trial court found the officers who testified credible and nevertheless found that there was absolutely no probable cause. The trial court's ruling was erroneous as a matter of law. And that is why the trial court's ultimate finding that there was no probable cause should be reviewed de novo. All right. Thank you. You'll have some time for rebuttal. Thank you. Morning, Mr. Drizzen. May it please this Court. Guilt by association, we frown on it. That's what Judge Hicks ruled below. And that is the core matter in this case  or evidence of guilt by association. In fact, as Justice Howells mentioned, the assistant state's attorney, Nolan, conceded that there was not a scintilla of evidence that he was in the car. As she said, for all we know, the car pulled off the shoulder of I-55 and he got in at that point. Are we reviewing this de novo? Do you agree? We are reviewing the finding. It's a mixed finding of facts and law and it is a de novo review about whether or not there was probable cause de novo. Are we bound by some concession that a state's attorney made that we don't know if he was in the car when it left California? Are we reviewing this whole thing de novo? That's, I guess, my question. I would say that the findings of fact that the judge did and the statements that went into that I think would be considered that you could revoke that review according to manifest weight. But the legal questions are de novo. Mr. Drizzen, in the trial court, it appears from the record that Ms. Kusaba and Mr. Nolan, the state's attorney and the public defender agreed that he wasn't arrested that night. What is your contention? That he was arrested on November 1st or that he was arrested sometime later and in any event there's no probable cause to charge him or arrest him for possession of a controlled substance? The police officers who testified were found credible and one said that he was handcuffed and not free to go. And at that point the law is if someone is not free to go and they're handcuffed then they are in fact arrested. And he was arrested significantly long before any drugs were found. It's sort of a kind of a comedy of errors here is that they stopped the car the dogs come out 15 minutes later there's a smell that indicates the passenger floorboard well the drugs were later found in a metal container in the cab of the car I looked online at what a Dodge Ram looks like and there's actually four doors so probably wasn't in the front seat. Are we going to be doing that? It probably was not. Whether or not there were four doors? The question is did my client have access to those drugs and if that was evidence Hold on a second counsel do you dispute that the police had probable cause to initially pull over the car? Yes I do I believe that they had reasonable suspicion first of all they had probable cause to stop the car because it was speeding Ok but forget about speeding for a second based on the drug information based on this long investigation based on the fact that they were listening pretty much contemporaneously with phone calls indicating ok we're getting closer we're getting closer alright you want to take the Harlem exit off of you know 55 don't take 290 they had an approximate time and you correct me if you think anything I'm saying is incorrect here they had an approximate time of when a black Dodge Ram with California plates was going to be getting off the road a black Dodge Ram with California plates did get off the Harlem exit and they followed it you don't think there was probable cause to pull over the car and search it absolutely not there was a reasonable suspicion because as we know there are many cars black Dodge Rams that are riding down the freeway that may have California plates ok let's take that further go ahead so we have a Terry stop yes we do alright so what can they do if they have a reasonable suspicion at that point ok at that time in terms of all the evidence they had was that somebody was speeding and he didn't have his driver's license they talked to my client who was not possessing anything made no motions at all my client was not suspect at that time because he was just a near passenger in the car of which there was very little evidence the only evidence that there was was on the tape recordings mentioned so I'm misunderstanding are you saying there was reasonable suspicion to stop the car because it committed a traffic violation but not reasonable suspicion to believe that there was going to be a transaction  I believe that there was reasonable suspicion given the information that to stop the car once the car was stopped that there might be drugs but it was not do not rise to probable cause at that point they asked the driver the owner of the car for consent and he gave it right yes my client is the passenger he's standing away it's the driver of the car we don't have any specific evidence that my client was a participant we're talking about probable cause to search the car the owner of the car says sure you can search my car does the police have to get unanimous consent of all the occupants no they don't so the search was valid if he consented to the search it was valid didn't he yes he did so the search was valid yes ok but in terms of whether so what do we get to keep the drugs out if the search was valid the purpose of the exclusionary rules to you know punish police for seizing stuff as a consequence of their illegal activity if we can see that the arrest of your defendant was illegal the seizure of the evidence was not what we have is my client is seized unreasonably without probable cause he's seized he's here he's held he's held arrested for an hour before any things were found and there was no probable cause to arrest him at that point isn't that an issue for the preliminary hearing or you know grand jury but somehow it got passed I think the judge did the right thing here ok but still we're not there we're here talking about what can we do when evidence is used against your client where the evidence which was used was not seized as a consequence of his arrest what theory what case supports suppressing the evidence there we have a passenger here in a car there needs to be evidence of criminal conspiracy of which there isn't there's just mere evidence that one person said you guys or put the other guy on the phone nothing more let's talk about guilty innocence if he was seized illegally because as the passenger of the car that had just the only evidence they had specifically was that the guy was driving and didn't have his license that's what I'm saying even if I can see that I believe I'm not speaking for everyone the arrest was illegal because it was done before any drug was recovered however they were legally recovered later under what theory does that evidence get suppressed theory of guilty innocence rather than being suppressed because of illegal conduct there has been no case to my knowledge in Illinois in which a passenger with such little direct evidence of any participation has his case proceed without there being a problem okay isn't your argument didn't you respond to this whole case by arguing that this was a mere traffic stop wasn't that your argument that there was no reason to extend any detention of this person because all this was was really just a traffic stop isn't that what's in your brief it is your argument that there's no expectation of privacy you're trying to suppress evidence that was recovered from a vehicle and there's pretty stable case law that says that you don't have an expectation of privacy you're this defendant why didn't you respond to that argument I would argue in the alternative that the issue here was my client was seized handcuffed for an hour waiting along before anything comes out he's released he was seized unreasonably that night he was held too long past what should have been the mission of the traffic stop what's the remedy for that it sounds to me  held in this country for such little evidence against him no specific evidence that he was in the car until it was stopped how do you know that the record indicates that he was traveling in a vehicle that was in the car from California that's not the point the point is what was the evidence that the police had after months of investigation and the fact that there were going to be two people two guys coming from California not one so there is an inference whether we like it or not and this idea that some other conduct could explain that he just got in the car as a hitchhiker that's not in the case that the defendants were working with the drug traffickers that they were following each other for 23 miles with one car length going to a place of sale in that case the possible explanation was not enough okay let's go back to your concession that there was enough for a terry stop you said there was a reasonable suspicion that there was criminal activity now once they stop the car and they have this reasonable suspicion can they detain him there with the driver while they get a dog i believe that when the only evidence against reasonable suspicion against the driver and not against the passenger what about reasonable suspicion and then the driver says yes you so they've done something unreasonable vis-a-vis your client but not against the driver yes what case would you say to support that theory there's a case called more catchy in your no but in the case on page 878 and it's 347 what does it say in that case it says when there's no evidence say that the defendant was in the car the appellate court refused to find guilt by association there was no evidence he was in the car there was no evidence more my client had no drugs on him he had no gun the drugs were later found to  be in the car guilt by association is attaining people otherwise if the police have a reasonable suspicion to pull over the car based on drug activity not just the speeding and if they have probable cause to  over the car and conduct the search you might need a police dog you might have to spend time getting under the car I could imagine it could take some time is it your position unless there is definitive proof at that moment they can't detain that person for any length of time they have to let everyone go other than the driver in the previous case they were actually hidden in the back seat behind an arm rest so they weren't in plain view but there was a passenger behind there what about the Juarez case was that kind of an issue that was discussed whether or not probable cause to   find out whose voice was on the phone they could have for example when they were searching they could have maybe tracked the car and taken pictures of toll roads and seen the other guy on the phone they could have taken DNA of the cooking pot and the drugs in the family that would have been a different case here are you      arguing reasonable doubt again no this was a fourth amendment case and the evidence was squashed the evidence was suppressed for that bear with me here the recovery of this contraband was it recovered because they put the  in the car and someone else the driver said you can search the car it was recovered because the driver said you can search the car don't you have to search the car   driver said you can search the car don't you have to search the car don't accident. In addition, Defense cited several cases, however, all cases cited by the Defense were mere traffic stops, there was no separate probable cause to search the vehicle or arrested the occupants. In addition, the contraband in those cases had been recovered on the defendants, either in their body, in their mouth, or or pockets. Those cases are interesting entirely distinguishable from the Instant case. There's no evidence here that the defendant was ever searched, his person was never searched. The record doesn't indicate you're not. The argument by counsel that maybe the defendant got into the vehicle two seconds before it was found on Harlan, it's also mere speculation. What the officers knew at that time was this man was in that car with another man, in the car with California license plates, that was getting off at the time that they believed it would get off the interstate and it matched the description they were given. So in addition, highly unlikely that the defendant just got in at the last second, but that again would be speculation. The defendant also claimed that there were many Dodge Rams in that area that would meet that description. I would say maybe in the city of Chicago there were many, but at that specific period of time, taking that exact exit with California license plate, matching that description so closely, it's again highly unlikely that there were many other black Dodge Rams. Counsel with the initial arrest that night, and then he was later released, if that initial arrest were illegal or unconstitutional, what impact would that have on this criminal prosecution? I was speaking, assuming arguendo, that it was illegal?  Absolutely nothing, Your Honor, because there was nothing recovered from him, from the defendant. It's very separate. There's probable cause for his arrest, there's probable cause to search the vehicle. Those two things are different, and again, there's no connection between any illegality as to this defendant and the search of the car. And the ultimate recovery of the narcotics, Your Honor. In addition, in Contreras, which is an Illinois 1st District case, officers believe that there was a hidden compartment inside of the vehicle and had probable cause to search that vehicle, and the court found that even a delay and moving of that vehicle to a police station to search that vehicle, maybe take it apart, that was completely fine as long as there was probable cause. And that is what this court found, is that there was probable cause and that search was entirely proper. What about the fact that, and I think that there's some concern here, that at the moment that they stopped them, they haven't recovered any narcotics at all, and they don't even have an alert at that point. It's your position that there was sufficient evidence in the record to support probable cause to stop that car at that time? Absolutely, Your Honor. So how do you explain that to the panel, the fact that there wasn't an actual recovery of the substance at the moment of the stop? There's no need to recover that substance. What you need is probable cause to believe that this car contained narcotics. When you say probable cause, we're talking about, I want to separate probable cause to search and investigate, you know, as opposed to probable cause to handcuff, fingerprint, and photograph, which is an arrest. So I'm going to be saying probable cause to arrest, probable cause to search at that point. Yes, those are very different things. Officers absolutely had probable cause to search that vehicle. But if he was arrested, though, it wouldn't be on that. Yes, absolutely, because there's probable cause to believe that he was participating in narcotics trafficking. He was in this car. He was traveling to the presidential hotel to deliver these drugs to Garza. But you hadn't found the drug ship. And you don't need to. Well, okay. I think we would all agree you don't have to conduct DNA testing for fingerprint testing or lab tests at the time you first placed someone into custody. But are you saying you don't have to have any evidence of the drugs other than your intel before you pulled over the car? One, there was extensive surveillance information that there were drugs in this car. Two, once the canine hit, that confirmed that there were drugs in that car. That was after they actually stopped him. I think there's a concern here that your argument, and I think I understand it is, is that based on all of the under the totality of the circumstances, there was actual probable cause to arrest him at that time, which is what they did. Now, the question I think that's being asked here is, well, they didn't know when they stopped the car and put handcuffs on him whether or not there was actually contraband in the car.  And that there was a conspiracy to transport those drugs from one spot to another at a meet at the presidential hotel. Absolutely. This is not a possession with intent to deliver, Your Honor. There's not going to be drugs on the person. These drugs were hidden. Officers knew that. This was a large-scale narcotics transporting operation that was coming from California all the way to Chicago. The drugs weren't going to be in plain view. They were going to be hidden, which is exactly what happened. They were hidden. So do they have to wait until they meet Garza to stop the car? Absolutely not. Why not? Because there were exactly the surveillance the officers received and the observations by the officers, the visual confirmation of that surveillance was that this specific trip was exiting that specific exit at that specified time. And that was more than enough information to search that car, to arrest the occupants in that car because they were engaged, they were, there's probable cause to believe they were engaged in narcotics trafficking. They were the men they were looking for. Well, is this an academic discussion because I think at the end of the day, whether or not the evidence is suppressed depends on whether or not that evidence was recovered as a result of some illegal activity. And if it wasn't, there's really no remedy for suppressing the evidence in this case. Perhaps there's another remedy, as Justice Ellis pointed out, but the remedy being sought here is to prohibit the use of the contraband at a trial against this particular defendant. So are we going through some kind of academic discussion here? Does it matter whether there was probable cause when even if we call it an illegal arrest, the substance that was recovered was not the result of putting him in handcuffs. So the evidence that is being sought to be suppressed under the exclusionary rule, the activity here did not lead to the recovery. Absolutely, Your Honor. As I pointed out earlier, defense cannot point to a single illegality involving the defendant that led to the recovery of these narcotics from that car. Well, he's saying that he was unlawfully, unreasonably detained, handcuffed, arrested, and brought to a police station. And as a result of that, I think the argument is that somehow the evidence should be suppressed. But again, there's no connection. The officers had probable cause to search the car, and they found the narcotics. They had consent to search this car from the driver, Your Honor. So really, there's absolutely nothing recovered from this defendant. There's no statements. There's nothing that the defendant can actually challenge. Anything further? That's it, Your Honor. For these reasons, and for those stated in our briefs, we ask that you reverse the trial court's rulings and remand this case for further proceedings. Thank you. Thank you both for presenting your arguments today. The case was well-argued, well-briefed, and we'll take it under advisory. Court stands adjourned.